## GRAHAM v. CHICAGO, ST. P., M. & O. RY. CO.

(Circuit Court, D. Minnesota, Second Division. Sept. 4, 1894.)

INJURY TO RAILROAD EMPLOYE—NEGLIGENCE.

The failure of a railroad company to securely fasten the ends of a car which are on hinges, so as to allow the car to be used as a flat car by dropping the ends inward, is not negligence, so as to render the company liable to a brakeman who, in getting off the car, is thrown beneath the wheels by reason of the end falling in, he having used it as a support.

Action by Hall I. Graham against the Chicago, St. Paul, Minneapolis & Omaha Railway Company. There was a verdict for plaintiff, and defendant moved for a new trial. Granted.

Motion by defendant for new trial. The plaintiff, a brakeman in the service of the defendant company for more than six years, suffered personal injuries on February 25, 1892, in attempting to alight from a coal car. He was precipitated under the moving cars, and his right arm badly crushed, necessitating amputation. It was the duty of the plaintiff to aid in distributing freight cars and making up a mixed train at Kasota Junction, on defendant's road, in this district. There was a grade at or near the station at this junction, and a part of plaintiff's duty was to mount moving cars coming down this grade, and set the brakes to stop them, so they would not run into and injure stationary cars farther down on the track. In pursuance of his duty, the plaintiff had mounted a string of moving cars, and, in alighting from a coal car in this string, was injured. This car was called a "Gondola," which usually has hand holds at each end, to aid brakemen in ascending and descending therefrom, and also end gates or end boards hinged to the floor of the car, and so made that they could be fastened upright or perpendicular to the floor by hooks and staples, or laid down inward on the floor. In attempting to alight from this car, the plaintiff took hold of the top of one of the end gates, which was upright, and, as he gave a spring to jump off, it fell inward, and he was thrown with his arm on the track. On the trial, the jury found a verdict for the plaintiff. A motion is now made for a new trial, for errors apparent on the record.

Henry A. Morgan and John A. Lovely, for plaintiff.

Thomas Wilson, Lorin Cray, and S. L. Perrin, for defendant.

NELSON, District Judge. This gondola car was constructed with reference to carrying coal and bulky articles and lumber. It was not out of repair or improperly constructed. The injury to the plaintiff did not result from the want of a hand hold on the car, for the plaintiff admits that he knew there was none on the car before he made the attempt to alight. The car was adapted to the purposes for which it was designed. The end gates or boards were made adjustable, so that the car would carry coal or other material when the end gates were upright, and could be used as a flat car when the gates were down. For such purposes this car was built and could be safely used, though it might be unsafe for a brakeman to rely upon an end gate when upright as a support in alighting from the car when in motion. The only alleged negligence of the defendant urged is the failure to have the end gate securely fastened, so as to allow the plaintiff to safely use it when he attempted to alight from the car. The duty of the defendant company to keep these end gates, when upright, fixed securely with special reference to their use by a brakeman in alighting from the

car, does not appear. On the trial, the court left it to the jury to determine whether or not the defendant company, at the time of the injury, had failed to perform a duty it owed the plaintiff in connection with the end gates. I am satisfied this was error, and, on the record as it stood, the motion made to instruct the jury to return a verdict for the defendant should have been granted. Being of this opinion, the motion for a new trial is granted; costs to abide the final judgment.